IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JASON A. BARNES, | ) |
| | ) |
|        Plaintiff, | ) |
| | ) |
| vs. | )   CIVIL NO. 10-028-GPM |
| | ) |
| SAMUEL JONES III, | ) |
| | ) |
|        Defendant. | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

      Plaintiff, a pretrial detainee at the Madison County Jail, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>     (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>     (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.

      An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell*

*Atlantic Corp. v. Twombly*, 590 U.S. 544, 570 (2007). A complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Although the Court is obligated to accept factual allegations as true, some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id.* At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Service*, 577 F.3d 816, 821 (7th Cir. 2009).

### THE COMPLAINT

According to the complaint, Defendant Jones, one of Plaintiff's former co-workers, has accused Plaintiff of stealing money from him. Jones's accusation forms the basis for Plaintiff's pending state criminal charges. Plaintiff claims that Jones is lying about the theft and committing perjury.

### DISCUSSION

To state a claim under § 1983, Plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 49 (1988). In short, only the government (or government actors) can violate Plaintiff's constitutional rights, and § 1983 creates a remedy against government actors who commit constitutional violations. In the case at hand, Defendant Jones is a purely private party and is not acting under color of state law for purposes of § 1983. Therefore, Plaintiff's allegations do not survive review under 28 U.S.C. § 1915A; the

complaint must be dismissed for failing to state a claim.

### DISPOSITION

In summary, Plaintiff's complaint does not survive review under § 1915A.  Accordingly, this action is **DISMISSED** with prejudice.  Plaintiff is advised that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).  All pending motions are **DENIED** as moot.

**IT IS SO ORDERED.**

DATED:  07/01/10

*s/ G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge