IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL F. MILLER, | ) |
| | ) |
|       Plaintiff, | ) |
| | ) |
| vs. | )    CIVIL NO. 10-cv-0046-JPG |
| | ) |
| ROGER E. WALKER, JR., *et al.*, | ) |
| | ) |
|       Defendants. | ) |

**MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

      Plaintiff, an inmate at the Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>     (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>     (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.

      An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 590 U.S. 544, 570 (2007). A complaint is plausible on its face "when

the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Although the Court is obligated to accept factual allegations as true, some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Service*, 577 F.3d 816, 821 (7th Cir. 2009).

## THE COMPLAINT

On or about January 18, 2008, Plaintiff was interviewed by Defendant Brad Thomas and other Internal Affairs officers concerning the possession and sale of tobacco products. Plaintiff denied possessing or selling tobacco. It appears that Plaintiff was placed on "investigative status" and deprived of all (or some) of his personal property. Plaintiff remained on "investigative status" for longer than 30-days, a length that (according to Plaintiff) violates state regulations. It appears that Plaintiff was released from investigative status on or about February 17, 2008.

On February 20, 2008, however, a disciplinary report was written charging Plaintiff with impeding an investigation and trading or trafficking. Plaintiff states that he was never actually served a copy of the disciplinary report - a task that was supposed to be carried out by Defendant Kaesberg. Plaintiff claims that the failure to serve him a copy of the disciplinary report violated his right to Due Process of law and was in violation of state regulations.

On or about February 27, 2008, an Adjustment Committee chaired by Defendant Jerry Goforth found Plaintiff guilty of both violations. As a result, Plaintiff received the following

discipline: (1) 3 months C-grade; (2) 3 months segregation; and (3) 3 months commissary restriction.[1]

Throughout his time on investigative status and following his disciplinary hearing, Plaintiff has filed numerous grievances addressing what he believes are the numerous violations of state regulations and his constitutional rights. At one point, it appears that Plaintiff was stymied in pursuing an appeal from the denial of his grievances because he did not have the appropriate copies. Plaintiff contends that Defendant Cowan was supposed to provide him with the required copies, but failed to do so. Plaintiff further charges that those responsible for reviewing his grievances failed to adequately investigate his complaints or - in the case of Defendant Linda Goforth - were biased against him due to a personal relationship. Consequently, Plaintiff charges that those responsible for reviewing his grievances denied him his First Amendment right to petition the government for the redress of grievances and deprived him of Due Process.

Additionally, Plaintiff charges that Defendants Walker and Hullick failed in "implementing and enforcing proper security measures regarding the Illinois Smoke-Free Act," causing Plaintiff "to be denied his liberties ."

**DISCUSSION**

    **A. Due Process (investigative status and disciplinary action).**

When a plaintiff brings an action under § 1983 for procedural due process violations, he must show that the state deprived him of a constitutionally protected interest in "life, liberty, or property" without due process of law. *Zinermon v. Burch*, 494 U.S. 113, 125 (1990). An inmate has a due

---

[1]The punishment the Adjustment Committee originally recommended was: (1) 6 months C-grade; (2) 6 months segregation; and (3) 6 months commissary restrictions. The recommendation, however, were reduced.

process liberty interest in being in the general prison population only if the conditions of his or her confinement impose "atypical and significant hardship...in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995).  The Seventh Circuit Court of Appeals has adopted an extremely stringent interpretation of *Sandin*.  In this Circuit, a prisoner in disciplinary segregation at a state prison has a liberty interest in remaining in the general prison population only if the conditions under which he or she is confined are substantially more restrictive than administrative segregation at the most secure prison in that state.  *Wagner v. Hanks*, 128 F.3d 1173, 1175 (7th Cir. 1997).  If the inmate is housed at the most restrictive prison in the state, he or she must show that disciplinary segregation there is substantially more restrictive than administrative segregation at that prison. *Id.*  In the view of the Seventh Circuit Court of Appeals, after *Sandin* "the right to litigate disciplinary confinements has become vanishingly small." *Id.*  Indeed, "when the entire sanction is confinement in disciplinary segregation for a period that does not exceed the remaining term of the prisoner's incarceration, it is difficult to see how after *Sandin* it can be made the basis of a suit complaining about a deprivation of liberty." *Id.*

  In the case currently before the Court, Plaintiff was placed on "investigative status" for about 31 days and he was sent to disciplinary segregation for 3 months; placed on C-grad status for 3 months; and commissary restrictions for 3 months.  Nothing in the complaint or exhibits suggests that the conditions that he had to endure while in "investigative status," disciplinary segregation, or C-grade status were substantially more restrictive than administrative segregation in the most secure prison in the State of Illinois.  Furthermore, the mere violation of state administrative rules does not rise to the level of a constitutional violation.  Therefore, Plaintiff's due process claim is without merit and should be dismissed pursuant to 28 U.S.C. § 1915A.

**B. Grievance process claims (First and Fourteenth Amendment).**

With regard to his First Amendment claim, Petitioner confuses his right to petition the government to redress his grievances with *winning* those grievances. The First Amendment, however, protects only Plaintiff's right to bring (or file) his grievances, not to have them acted upon or ruled in his favor. As the complaint and the exhibits attached to it indicate, Plaintiff was able to file his grievances with prison officials. Therefore, the complaint fails to state a First Amendment claim.

With regard to his Due Process claim, "a state's inmate grievance procedures do not give rise to a liberty interest protected by the due process clause." *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1995). The Constitution requires no procedure at all, and the failure of state prison officials to follow their own procedures does not, of itself, violate the Constitution. *Maust v. Headley,* 959 F.2d 644, 648 (7th Cir. 1992); *Shango v. Jurich*, 681 F.2d 1091 (7th Cir. 1982). Accordingly, Plaintiff's allegations that prison officials failed to investigate his grievances or otherwise mishandled them does not state a Due Process claim.

**C. Failure to adequately secure prison from tobacco products.**

Plaintiff's claim that Defendants Walker and Hullick failure to adequately secure and "shake down" Menard Correctional Center to ensure that there was no tobacco in it fails to state a claim. This alleged failure, even if true, does not in any way impinge upon Plaintiff's First Amendment rights. Plaintiff does not have a liberty or property interest in having the Defendants conduct a thorough search for contraband items.

**DISPOSITION**

In summary, Plaintiff's complaint does not survive review under § 1915A.  Accordingly, this action is **DISMISSED** with prejudice.  Plaintiff is advised that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).  All pending motions are **DENIED** as moot.

**IT IS SO ORDERED.**

**Dated: July 8, 2010.**

                                        **s/ J. Phil Gilbert**
                                        **U. S. District Judge**